IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Michael Oglesby, | CIVIL ACTION NO.: 2:09-cv-02743-DCN-RSC |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Nucor Corporation | |
| Defendant. | |

THE PLAINTIFF, Michael Oglesby, by and through his undersigned counsel, alleges and states as follows:

## INTRODUCTION

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C., §§ 2000e et seq. (hereinafter "Title VII").

## PARTIES

1.     Plaintiff is a citizen and resident of Berkeley County, South Carolina and is employed by the Defendant Nucor Corporation. He is subject to the jurisdiction of this Court.

2.     Upon information and belief, Defendant Nucor Corporation is incorporated in Delaware, with corporate offices in North Carolina, owns Nucor Steel Berkeley, a manufacturing plant in Huger, Berkeley County, maintains a local office in Mt. Pleasant, Charleston County, South Carolina and does business in Charleston and Berkeley Counties. As such, Nucor Corporation is subject to the jurisdiction of this court.

## JURISDICTION AND TRIAL BY JURY

3. This Court's jurisdiction arises under 42 U.S.C. §2000e-2 and under 28 U.S.C. §1331 and §1332. Plaintiff requests a trial by jury of all matters which may be submitted to a jury. This Court has jurisdiction of the parties and subject matter thereof.

4. Venue is proper because at the time of commencement of this action, the Huger plant of Nucor, where Plaintiff was employed, is located in the District of South Carolina, Charleston Division.

## STATEMENT OF FACTS

5. Plaintiff was hired by Defendant in November of 1999.

6. In January 2006, Plaintiff began experiencing harassment, assaults and batteries of a sexual nature by a male co-worker. The co-worker will be referred to in this complaint as "Jimmy."

7. Plaintiff was subjected to repeated instances of harassment that numbered in the hundreds. A typical incident would consist of Jimmy forcibly grabbing Plaintiff and "dry humping" him – an action that simulated sexual contact through Plaintiff's clothing – while stating vulgar things such as, "Ride my cock, ride my cock," "That's my bitch," "You know you want it," or "Just take it."

8. Jimmy would pull his pants down and show his penis through the outline of his underwear while talking about what he was going to do to Plaintiff sexually.

9. Jimmy used several different offensive slang phrases to describe his method of "dry humping."

10. Jimmy continuously grabbed Plaintiff's rear, his crotch, and his penis. Occasionally, Jimmy would get on top of Plaintiff and hold him down.

11.    Jimmy was extremely threatening and often threatened Plaintiff and his family with violence if Plaintiff did anything about the misconduct. His threats were well known to Defendant's managers and Plaintiff's co-workers. Management refused to do anything to help Plaintiff. Jimmy was a former Airborne soldier, and he frequently told Plaintiff and others that if anyone "got him fired," he would "put them in a coma," and they wouldn't "enjoy their families anymore." Jimmy demonstrated on more then one occasion how he knew to batter someone on the temple to cause that kind of injury.

12.    Essentially, Jimmy had complete control of the situation and used intimidation and treats to terrorize Plaintiff while Defendant's management stood by idle.

13.    Plaintiff complained frequently, and sought intervention and transfer from Defendant's management to no avail.

14.    Plaintiff's direct supervisor and other managers were well aware of Jimmy's misconduct. They not only witnessed him assault and batter Plaintiff and also witnessed Jimmy having similar problems with other employees.

15.    Before Plaintiff was assigned to work in the same area as Jimmy, management had documented evidence that he had engaged in similar mistreatment with another employee.

16.    Defendant's management took no action, and, in fact, they attempted to dissuade Plaintiff from taking any action about this misconduct and the issues it caused.

17.    As a consequence of the mistreatment afforded Plaintiff by Jimmy and condoned by management, Plaintiff has suffered extreme emotional distress and severe emotional injury. Plaintiff received treatment for such and was diagnosed with post traumatic stress disorder. Plaintiff continues to suffer panic and anxiety attacks.

18.    The offender, Jimmy, left the employ of Defendant in June of 2007.

**CONDITIONS PRECEDENT**

19. Plaintiff timely filed a charge of discrimination against the Defendant simultaneously with the State Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC") on multiple occasions at multiple facilities of the EEOC within three hundred days of the actions of Defendant.

20. The EEOC issued a "Notice of Right to Sue" dated September 17, 2009.  Plaintiff received this "Notice of Right to Sue" on or about September 21, 2009.

FOR A FIRST CAUSE OF ACTION
Violation of Title VII

21. The Plaintiff reiterates each and every allegation of paragraphs 1- 20 as fully as if repeated verbatim.

22. The Defendant permitted the harassment of Plaintiff in violation of 42 U.S.C. §§ 2000e, et seq., and thereby proximately caused damages, both actual and punitive, to the plaintiff.

23. Plaintiff reported the misconduct and no action was taken by Defendant.  Instead, Defendant retaliated against Plaintiff for his report by failing to act to end the harassment and hostile work environment and by ignoring repeated transfer requests in violation of 42 U.S.C. §§ 2000e, et seq.

24. As a direct result of the violations of Title VII, Plaintiff has suffered extreme emotional and physical injury that has proximately caused damages to Plaintiff, both actual and punitive, in an amount exceeding Five Hundred Thousand Dollars ($500,000.00).

FOR A SECOND CAUSE OF ACTION
Intentional Infliction of Emotional Distress (Outrage)

25. The Plaintiff reiterates each and every allegation of paragraphs 1- 24 as fully as if repeated verbatim.

26.    The Defendant was informed through its managers of the harassing, violent workplace created by its employee, Jimmy, through repeated complaints and transfer requests by Plaintiff.

27.    The Defendant intentionally or recklessly ignored the situation and the harassment continued, and in fact, escalated.

28.    The harassment inflicted upon Plaintiff by Jimmy was outrageous, constant, and to the point that it would not be tolerated in any civilized setting.

29.    The Defendant's failure to act upon the complaints and transfer requests – and the dissuading Plaintiff from complaining further – directly caused damage to Plaintiff.

30.    The harassment endured by Plaintiff was so severe that no reasonable person could be expected to tolerate it.

As a result of the inactions of Defendant, Plaintiff is entitled to compensatory and punitive damages from the Defendants in an amount exceeding Two Million Dollars ($2,000,000.00).

   WHEREFORE, Plaintiff respectfully prays as follows:

   a.    As to the FIRST CAUSE OF ACTION for Violation of Title VII, Plaintiff be granted judgment against the Defendant for damages afforded under the statute and pre-judgment interest;

   b.    As to the SECOND CAUSE OF ACTION for Intentional Infliction of Emotional Distress, Plaintiff be granted judgment against the Defendants for actual, consequential, special and punitive damages that Plaintiff has incurred and pre-judgment interest;

   c.    For such other and further relief as to this Court may seem just and proper.

                         Respectfully submitted,

                         S/ Allan R. Holmes

                                  GIBBS & HOLMES  
                                  Alan R. Holmes (Fed ID # 1925)  
                                  Timothy O. Lewis (Fed ID # 9864)  
                                  171 Church St. Suite 110  
                                  Charleston, SC 29401  
                                  (843)-722-0033  
                                  (843)-722-0114 (fax)  
                                  ATTORNEYS FOR THE PLAINTFF

Charleston, South Carolina  
October 21, 2009