UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MICHAEL OGLESBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:09-cv-02743-DCN-RSC |
| ) | |
| NUCOR CORPORATION ) | |
| ) | |
| Defendant. ) | |
| ) | |

### DEFENDANT'S 12(b)(6) MOTION TO DISMISS

Defendant Nucor Corporation ("Defendant") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and would respectfully show that the allegations contained in Plaintiff's Original Complaint should be dismissed for failure to state a claim upon which relief can be granted.

### I.   INTRODUCTION

Plaintiffs' Complaint alleges two causes of action against Defendant—intentional infliction of emotional distress and same sex harassment under Title VII. However, his claim of intentional infliction of emotional distress related to his employment at Nucor Steel Berkeley is barred under the exclusivity provision of the South Carolina Workers' Compensation Act. That claim is properly made through the workers' compensation process before the South Carolina Workers' Compensation Commission. Both the Supreme Court of South Carolina and courts in the Fourth Circuit have recognized the exclusivity bar and held that intentional infliction of emotional distress claims are not properly raised in private litigation.

1

As to Plaintiff's claim of same sex harassment under Title VII, Plaintiff has failed to adequately plead such a claim. Same sex harassment claims are looked upon skeptically by the courts when the claims are not properly pled, and the United States Supreme Court has held that such a claim is only viable if the conduct alleged is "because of sex."

Here, however, Plaintiff has failed to plead facts sufficient to allow the Court to conclude that the alleged conduct was "because of sex," and accordingly, his claim for same sex harassment should be dismissed. Merely citing to conduct that, if true, may be offensive is inadequate to support a claim under Title VII.

Because neither of the claims contained in his Complaint survive scrutiny under Rule 12(b)(6), Plaintiff's Complaint should be dismissed in its entirety.

## II.  FACTUAL BACKGROUND

Plaintiff alleges that in January 2006, he began to be subjected to repeated instances of mistreatment by one of his co-workers. He alleges that he was subjected to "dry humping", lewd remarks, and offensive physical contact by one of his co-workers. (Compl. ¶¶ 6-10.) Plaintiff also states that the co-worker who allegedly committed the conduct at issue voluntarily resigned in July 2007. (Compl. ¶ 18.)

## III.  ARGUMENT

### A.  PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS PREEMPTED

Plaintiff's cause of action for intentional infliction of emotional distress (Complaint ¶ 25-30) is preempted, as a matter of law, by the South Carolina

Workers' Compensation Act, South Carolina Code Ann. § 42-1-10, <u>et seq.</u> (hereinafter "The Act").

In South Carolina, it is well established that The Act provides the exclusive remedy for any work-related injury, including claims for physical and emotional distress. Under The Act, an employee may not bring a claim in circuit court against his employer for alleged injuries arising out of his employment; instead, he must bring such claims before the Workers' Compensation Commission. *See, e.g.*, *Sabb v. S.C. State Univ.*, 567 S.E.2d 231, 234 (S.C. 2002). The Act specifically provides:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee . . . as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

South Carolina Code Ann. § 42-1-540.

The Supreme Court of South Carolina has affirmed the summary dismissal of various tort claims, including negligence-based claims and claims for emotional distress, predicated on conduct arising out of the workplace on the basis that such claims are barred by the exclusivity provision of The Act. In *Logos v. Mack Trucks, Inc.*, for example, the plaintiff had alleged a claim of intentional infliction of emotional distress against her employer based on, among other things, the fact that her co-worker called her sexually derogatory names, accused her of committing adultery and of having AIDS, and attempted to cause her physical harm, all at her place of employment. 417 S.E. 2d 538, 539 (S.C. 1992). The Supreme Court of

3

South Carolina affirmed the circuit court's grant of summary judgment to the employer, holding that the plaintiff's claim fell within the ambit of The Act. *Id.* at 541. In so holding, the court reasoned that although The Act's preemptive sweep requires that the "injury [at issue] must arise out of and in the course of employment," the fact that the alleged conduct "occurred while the parties were at work" was sufficient to satisfy this requirement. *Id.* In addition, the court noted that although The Act requires the employee to have experienced "physical injury" in order for the claim to be preempted, that term is broad enough to include claims of purely emotional injury. *Id.* at 540. The plaintiff's claim therefore failed as a matter of law. *Id.* at 541.

In the instant case, because Plaintiff's emotional distress claim against Defendant arose out of and in the course of his employment, The Act provides the exclusive remedy as to those claims. *See, e.g., Sabb*, 350 S.C. at 567 (citing *Dickert v. Metropolitan Life Ins.* Co., 428 S.E.2d 700 (S.C. 1993) (holding that The Act provides exclusive remedy for work-related injuries; claims for negligence, including hiring, retention, and supervision, and emotional distress are covered by The Act); S.C. Code Ann. § 42-1-310 ("Every employer and employee … shall be presumed to have accepted the provisions of [the Act] respectively to pay and accept compensation for personal injury… arising out of and in the course of the employment and shall be bound thereby.").

Federal cases have recognized the Supreme Court of South Carolina's holding that claims for intentional infliction of emotional distress are within the exclusive

coverage of The Act. In March of 2008, the District of South Carolina dismissed a claim nearly identical to Plaintiff's for intentional infliction of emotional distress, brought by an employee against her employer, finding it was preempted by The Act. *See Washington v. Hilton Hotels Corp.,* 2008 WL 747792, at *4-8 (D.S.C. March 17, 2008). In that case, the plaintiff claimed that a maintenance worker at the hotel where she worked made numerous sexual advances toward her. She further claimed that her supervisors were aware of this conduct and failed to do anything about it, causing her extreme ridicule and emotional distress. However, the court held that plaintiff's intentional infliction of emotional distress claims were barred by the exclusivity provision of The Act, and dismissed the claims under Rule 12(b)(6). *See also Palmer v. House of Blues Myrtle Beach Restaurant Corp.*, 2006 U.S. Dist. Lexis 67593, at *4-5 (D.S.C. Sept. 20, 2006) (copy attached) (recognizing that under South Carolina law, claims for intentional infliction of emotional distress constitute personal injuries within the exclusive coverage of The Act unless one of several exceptions which do not exist in the instant case apply).

Based on the foregoing authority and other established precedent, Plaintiff's emotional distress claim is precluded by the exclusivity provisions of The Act. Moreover, if there were any doubt about whether Plaintiff's claim were preempted (and there is not), "[i]t is the policy of South Carolina courts to resolve . . . doubts in favor of . . . inclusion . . . under [the Act]." *Posey v. Proper Mold & Eng'g, Inc.*, 378 S.C. 210, 223, 661 S.E.2d 395, 402 (Ct. App. 2008). Thus, Plaintiff has not stated a claim on which relief can be granted.

B.    **PLAINTIFF HAS FAILED TO PROPERLY PLEAD A CAUSE OF ACTION FOR VIOLATION OF TITLE VII**

Plaintiff has also failed to plead factual allegations sufficient to provide grounds for relief for same sex harassment under Title VII under the pleading standards recently announced by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal.* 129 S.Ct. 1937 (2009). In *Twombly*, the United States Supreme Court held that while Rule 8 does not require a complaint to contain "detailed factual allegations," it must plead sufficient facts to provide the grounds for an entitlement to relief. *Twombly,* 550 U.S. at 555. In ruling on the sufficiency of the plaintiffs' complaint in that case, the United States Supreme Court held that Rule 8 of the Federal Rules of Civil Procedure requires the plaintiff to plead "plausible grounds" showing his entitlement to relief. *Id.* at 555; *see also id.* at 561 (overruling *Conley v. Gibson*, 355 U.S. 41 (1957) (holding "that a complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")). This requires more than "labels and conclusions" and a mere "formulaic recitation of the elements of a cause of action will not do." *Id.* Finally, the Court stated that "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" (quoting 5 Wright & Miller § 1216, at 233-234 (quoting *Daves v. Hawaiian Dredging Co.,* 114 F.Supp. 643, 645 (D.Hawaii 1953)). Early dismissal under 12(b)(6) is a proper remedy for failure to provide sufficient facts showing entitlement to relief.

In *Ashcroft v. Iqbal*, the United States Supreme Court further elaborated on *Twombly*'s plausibility standard. In *Iqbal*, the plaintiff, a Pakistani Muslim, had been detained by the federal government in the aftermath of the 9/11 attacks. 129 S.Ct. at 1943. The plaintiff sought to impose liability on the government officials for violation of his First and Fifth Amendment Constitutional rights, claims that—like Title VII claims—require the plaintiff to plead and prove purposeful discrimination. *Id.* at 1944. The District Court denied the officials' Rule 12(b) motion to dismiss, but the Supreme Court reversed. Applying *Twombly*, the court noted that although the plaintiff's allegations were "consistent with" a finding that the officials had purposely discriminated against him, it was more likely that the officials had simply approved of a policy that happened to result in a disparate impact against Arab Muslims such as plaintiff. *Id.* Given this alternative explanation for the plaintiff's treatment, the court held that he "would need to allege more by way of factual content to '"nudg[e]' his claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id.* at 1952 (quoting *Twombly*, 550 U.S. at 570 (alternations in original)). At bottom, the court observed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has . . . not 'shown' . . . that the pleader is entitled to relief," as required by *Twombly*'s plausibility standard. *Id.* at 1950. *Accord Francis v. Giacomelli*, No. 08-1908, 2009 WL, *4-5 (4th Cir. 2009) (applying *Twombly* and *Iqbal* to affirm district court's dismissal of the plaintiff's complaint).

Here, *Twombly* and *Iqbal* compel the conclusion that Plaintiff's same-sex harassment claim is insufficient to provide grounds for relief and is therefore subject to dismissal. The U.S. Supreme Court's decision in *Oncale v. Sundowner Offshore Serv. Inc.,* 523 U.S. 75, 118 S.Ct. 998 (1998), is the seminal case on same-sex harassment and sets the bar for the type of factual allegations Plaintiff must plead to be entitled to relief. In that case, the U.S. Supreme Court ruled on what conduct constituted same sex harassment. The *Oncale* decision reaffirmed the long-standing precedent that Title VII does not prohibit all harassment in the workplace; it is directed only at harassment experienced **because of sex:**

> Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at discrimination **because of sex**. We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.

*Oncale*, supra, 523 U.S. at 79; *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367 (1993). (emphasis added)

The Supreme Court in *Oncale* also identified the three situations that may give rise to a same-sex sexual harassment claim. They are where:

(1)   the plaintiff can show that the alleged harasser made "explicit or implicit proposals of sexual activity" <u>and</u> provide "credible evidence that the harasser was homosexual";

(2)   demonstrate the harasser was "motivated by general hostility to the presence of members of the same sex in the workplace"; or

(3)     offer direct "comparative evidence about how the alleged harasser treated members of both sexes". *Id.*

Here, Plaintiff's same-sex harassment claim fails because it does not contain factual allegations sufficient under *Oncale* to show that the alleged harassment was "because of sex." First, Plaintiff makes no allegation that the alleged harasser either made sincere proposals of sexual activity to him or was homosexual. *Cf. Oncale,* 523 U.S. at 80. Second, Plaintiff makes no allegation that the alleged harasser was generally hostile toward members of his own sex in the workplace. *Cf. Id.* Third, Plaintiff makes no allegation that the alleged harasser treated men differently from the way he treated women. *Cf. id.* As a result, Plaintiff has failed to allege facts sufficient to provide plausible grounds for relief for same-sex harassment.

In the present case, Plaintiff's Title VII claim fails because it does not contain factual allegations sufficient to satisfy the factors for establishing same sex harassment. The Complaint is wholly devoid of any allegations that the alleged harassment was "because of sex." Plaintiff only alleges that a male co-worker "dry humped him", "exposed the outline of his penis", made vulgar comments, and grabbed his "rear, crotch and penis". (Complaint ¶ 5-10) These comments and actions do not state a cause of action for same sex sexual harassment under any of the three scenarios set forth in *Oncale,* 523 U.S. 75. First, Plaintiff makes no allegations that the alleged harasser made "explicit or implicit proposals of sexual activity" nor does he provide "credible evidence that the alleged harasser was homosexual." *Oncale,* 523 U.S. 75, 80. Second, Plaintiff makes no allegations that

9

the alleged harasser was generally hostile toward members of his own gender in the workplace. Third, Plaintiff makes no allegations that he was subjected to different treatment merely because he was a man. For Plaintiff's claim to be viable, he must allege facts sufficient to allow the Court to conclude that he was harassed because he was a man. He has failed to plead that any of the conduct alleged in his Complaint meets the requirements for a same sex harassment case as set forth by the Supreme Court of the United States.

To be sure, Plaintiff has raised the *possibility* that his alleged harassment was "because of sex." But under *Twombly* and *Iqbal*, a complaint that merely raises the possibility of liability is insufficient to survive a Rule 12(b)(6) motion; rather, Plaintiff must allege facts sufficient to allow a court to conclude that his alleged harassment was *plausibly* "because of sex." *Iqbal*, 129 S.Ct. at 1951; *Twombly*, 550 U.S. at 557. Under the legal rule set forth in *Oncale*, Plaintiff "would need to allege more by way of factual content to 'nudg[e]' his claim of purposeful discrimination across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1952 (quoting *Twombly*, 550 U.S. at 570). Because he has failed to do so, his same-sex harassment claim fails.

For the aforementioned reasons Plaintiff has failed to plead factual allegations sufficient to provide grounds for relief for same sex harassment as required by the Supreme Court in *Oncale, Twombly*, and *Iqbal*. Accordingly, Plaintiff's Title VII cause of action for same-sex harassment should be dismissed under F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.     CONCLUSION

Neither of Plaintiff's two claims against Defendant can survive scrutiny under Rule 12(b)(6). His claim for intentional infliction of emotional distress is barred by the exclusivity doctrine of the South Carolina Workers' Compensation Act, and both the Supreme Court of South Carolina and federal courts have dismissed claims nearly identical to Plaintiff's. Moreover, Plaintiff has failed to properly plead facts that would support a claim of same sex harassment under Title VII. Given these significant failings, Plaintiff's Complaint should be dismissed in its entirety.

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court enter an Order dismissing Plaintiff's Complaint in its entirety with prejudice and awarding Defendant its reasonable costs and attorneys' fees expended in the preparing and submitting this Motion.

        Respectfully submitted,

        s/ J. Walker Coleman, IV
        J. Walker Coleman, IV (Fed. ID No. 6007)
        Email: walkercoleman@parkerpoe.com
        Joshua W. Dixon (Fed. ID No. 10036)
        Email: joshdixon@parkerpoe.com
        Parker Poe Adams & Bernstein LLP
        200 Meeting Street, Suite 301
        Charleston, SC  29401
        Phone: 843-727-2650
        Fax: 843-727-2680

        Cary A. Farris (Fed. ID No. 25150)
        Texas State Bar No. 24011536
        Brian G. Patterson (Fed. ID No. 4042740307)
        Texas State Bar No. 24042974
        Alaniz & Schraeder, L.L.P.
        2500 CityWest Blvd., Suite 1000
        Houston, TX  77042
        Phone: 281-833-2200
        Fax: 281-833-2240

        ATTORNEYS FOR DEFENDANT
        NUCOR CORPORATION

December 21, 2009

Charleston, South Carolina