IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | | |
|---|---|---|
| MICHAEL OGLESBY, | ) | **Case No. 2:09-2743-DCN-RSC** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **JOINT RULE 26(f) REPORT** |
| NUCOR CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.03, DSC, the Parties herein have consulted and hereby submit the following report:[1]

_____    The Parties agree that the schedule set forth in the Conference and Scheduling Order filed September ___, 2010, is appropriate for this case. The information required by Local Civil Rule 26.03 is attached.

___X___    The Parties agree to the schedule set forth in the proposed Consent Scheduling Order submitted herewith. The Parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03, DSC, are attached.

_____    The Parties are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. The Parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, is attached. The information required by Local Civil Rule 26.03 is also attached.

---

[1] The Court did not enter a Pre-Scheduling Order in this case.

1

| | |
|---|---|
| WE CONSENT: | s/ Timothy O. Lewis |
| | Allan R. Holmes (Fed. ID No. 1925) |
| | Email:  aholmes@gibbs-holmes.com |
| | Timothy O. Lewis (Fed. ID No. 9864) |
| | Email:  timolewis@gibbs-holmes.com |
| | 171 Church Street, Suite 110 |
| | Charleston, SC  29401 |
| | Phone:  843-722-0033 |
| | Fax:  843-722-0114 |
| | ATTORNEYS FOR PLAINTIFF |

September 17, 2010

Charleston, South Carolina

| | |
|---|---|
| WE CONSENT: | s/ J. Walker Coleman, IV |
| | J. Walker Coleman, IV (Fed. ID No. 6007) |
| | Email:  walkercoleman@parkerpoe.com |
| | Joshua W. Dixon (Fed. ID No. 10036) |
| | Email:  joshdixon@parkerpoe.com |
| | Parker Poe Adams & Bernstein LLP |
| | 200 Meeting Street, Suite 301 |
| | Charleston, SC  29401 |
| | Phone:  843-727-2650 |
| | Fax:  843-727-2680 |
| | |
| | Cary A. Farris (Fed. ID No. 25150) |
| | Texas State Bar No. 24011536 |
| | Brian G. Patterson (Fed. ID No. 4042740307) |
| | Texas State Bar No. 24042974 |
| | Alaniz & Schraeder, L.L.P. |
| | 2500 CityWest Blvd., Suite 1000 |
| | Houston, TX  77042 |
| | Phone:  281-833-2200 |
| | Fax:  281-833-2240 |
| | ATTORNEYS FOR DEFENDANT |

September 17, 2010

Charleston, South Carolina

2

**RESPONSES TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

1. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(2) were made or will be made.**

    The Parties have agreed in writing not to make Rule 26(a)(1) initial disclosures. Barring unforeseen circumstances, Plaintiff will make his Rule 26(a)(2) disclosures, if any, on January 19, 2010, and Defendant will make its Rule 26(a)(2) disclosures, if any, on February 21, 2010, in accordance with the Consent Scheduling Order.

2. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

    Subjects appropriate for discovery shall include all matters encompassed by Rule 26(b) of the Federal Rules of Civil Procedure. Barring unforeseen circumstances, discovery will be completed by April 8, 2011, in accordance with the Consent Scheduling Order. Discovery need not be conducted in phases or limited to or focused upon particular issues.

3. **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

    The Parties do not anticipate any special or unusual issues concerning electronically stored information and agree to reduce such information to paper form when practicable and to consult whenever such reduction to paper form might be unduly burdensome.

4. **Any issues relating to claims of privilege or of protection as trial-preparation material, including – if the Parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order.**

    The Parties agree to assert claims of privilege or protection in writing when responding to written discovery and verbally on the record when claiming a privilege or seeking protection during a recorded proceeding.

5.	**What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties see no need to make any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and/or the Local Civil Rules.

6.	**Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

None at this time. Depending on the scope of the Plaintiff's discovery requests, the Defendant may seek a protective order pursuant to Rule 26(c) to protect its confidential and proprietary information and to protect the personal and medical information of its employees. Depending on other factors, the Plaintiff may also seek a protective order.

PPAB 1717727v2

**RESPONSES TO LOCAL CIVIL RULE 26.03, DSC**

**1.      Short statement of the facts of the case.**

Plaintiff was employed by Defendant. He alleges that a male coworker unlawfully harassed him on the basis of sex in violation of Title VII of the Civil Rights Act of 1964.

**2.      Names of Fact Witnesses Likely to be Called by the Party And a Brief Summary of Their Expected Testimony.**

Fact Witnesses Plaintiff is Likely to Call (completed by Plaintiff)

- Mike Oglesby – will testify to all matters alleged within the complaint.

- Travis Jackson – former supervisor of plaintiff, witnessed and has knowledge of the constant harassment plaintiff endured as alleged in the complaint.

- Scott Lacey – was previously harassed by the same offending employee, and will testify to management's knowledge and disregard of the employee's behavior.

- Jim Witherspoon – witnessed verbal and physical attacks on plaintiff; also witnessed management's disregard of the employee's behavior.

- Chris Brown – witnessed verbal and physical attacks on plaintiff as well as jealously by offending employee; also witnessed management's disregard of the employee's behavior.

- Charles Carter – witnessed verbal and physical attacks on plaintiff; also witnessed management's disregard of the employee's behavior.

- Karl Bush – was leadman on plaintiff's crew - witnessed constant verbal and physical attacks on plaintiff.

- Chris McCants – offending employee threatened to kill this witness, it was reported, and nothing was done about it.

- John Shelton – was the target of the offending employee's affections and attacks prior to plaintiff joining the crew.

- Larry Guinn – has knowledge of upper management's role in ignoring the harassment of plaintiff.

5

Fact Witnesses Defendant is Likely to Call (completed by Defendant)

- Jimmy Butler – former Nucor Steel Berkeley employee accused of homosexual harassment by Michael Oglesby, Plaintiff. Has knowledge of the factual allegations raised by Plaintiff in his Complaint, including but not limited to sexual harassment and hostile work environment.

- Michael Oglesby's spouse – has knowledge of the damages allegedly suffered by Plaintiff and may have knowledge regarding other issues raised by Plaintiff in his Complaint.

- Michael Oglesby – Plaintiff.

- Giff Daughtridge – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Rob Roberson – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Meleah Reynolds – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Philip Clark – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Travis Jackson – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Brandt Armstrong – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint,

including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Larry Guinn – has knowledge of the terms and conditions of employment at Plaintiff's workplace, has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Quentin Scott – has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- John Shelton – has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Karl Bush – has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Charlie Carter – has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Chris Brown – has factual knowledge of Plaintiff's employment with Nucor Steel Berkeley, and has knowledge regarding other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- All additional current and former Nucor Steel Berkeley employees who may have knowledge of the circumstances regarding the terms and conditions of employment at Plaintiff's workplace or other issues raised by Plaintiff in his Complaint, including, but not limited to his damages and allegations of hostile work environment and sexual harassment.

- Defendant reserves the right to name additional witnesses identified in discovery or named by Plaintiff above.

PPAB 1717727v2

3. **The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

Neither Party has identified any expert witnesses at this time.

4. **A summary of the claims or defenses with statutory and/or case citations supporting the same.**

<u>Plaintiff's Summary of His Claims (completed by Plaintiff)</u>

Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C., §§ 2000e <u>et</u> <u>seq</u>. Plaintiff timely filed a charge of discrimination against the Defendant simultaneously with the State Human Affairs Commission ("SHAC") and the Equal Employment Opportunity Commission ("EEOC") on multiple occasions at multiple facilities of the EEOC within three hundred days of the actions of Defendant. The EEOC issued a "Notice of Right to Sue" dated September 17, 2009. Plaintiff received this "Notice of Right to Sue" on or about September 21, 2009.

The Defendant permitted and ratified the harassment of Plaintiff in violation of 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u> The Defendant permitted the offender Jimmy to create a hostile work environment in violation of 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u> Plaintiff reported the misconduct and no action was taken by Defendant. Instead, Defendant retaliated against Plaintiff for his report by failing to act to end the harassment and hostile work environment and by ignoring repeated transfer requests in violation of 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u>

The controlling precedent for same sex harassment is found in *Oncale v. Sundowner Offshore*, 523 U.S. 75 (1998). The Supreme Court in that case found that a male employee could maintain a Title VII claim for same sex harassment. The facts pled in the instant case are **exactly** in line with the scenario in *Oncale*:

PPAB 1717727v2

> On several occasions, Oncale was forcibly subjected to sex-related, humiliating actions against him by Lyons, Pippen and Johnson in the presence of the rest of the crew. Pippen and Lyons also physically assaulted Oncale in a sexual manner, and Lyons threatened him with rape.
>
> Oncale's complaints to supervisory personnel produced no remedial action; in fact, the company's Safety Compliance Clerk, Valent Hohen, told Oncale that Lyons and Pippen "picked [on] him all the time too," and called him a name suggesting homosexuality.

*Oncale* at 77.  Here, plaintiff has pled that he was subjected to repeated instances of sexually based harassment that numbered in the hundreds.  The complaint states that, like the victim in *Oncale*, plaintiff was subjected to descriptions of what type of sexual action the offender proposed to perform forcibly.  The instant complaint alleges sexual physical assaults analogous to those in *Oncale*.  Plaintiff here complained while management stood by idly.  The plaintiff in *Oncale* was subjected to the same inaction.

The clear ruling of *Oncale* is that a plaintiff need not allege that his same sex harasser was homosexual, but rather, that the harassment occurred because of sex.  *See Scott v. Norfolk Southern Corp.*, 1998 U.S. App. LEXIS 13470 (4th Cir. Va. June 24, 1998).  Here, plaintiff has alleged specific facts concerning the co-worker's sexual advancements, sexual assaults, and sexual verbiage that all point to one conclusion.

<u>Defendant's Summary of Its Defenses (completed by Defendant)</u>

Defendant has numerous defenses to Plaintiff's claim.  Without waiving or modifying the defenses set forth in Defendant's Answer, Defendant summarizes its defenses as follows, subject to supplementation in the course of discovery:

Plaintiff must exhaust all available administrative remedies.  *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000).  To the extent Plaintiff has done so, this lawsuit is

limited to the scope of Plaintiff's EEOC/SCHAC Charge. *Chisholm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981).

In addition, Plaintiff cannot demonstrate that unlawful harassment occurred. First, Plaintiff and his alleged harasser are both males, and Plaintiff cannot demonstrate that the alleged harassment occurred "because of" sex as required by Title VII. *Oncale v. Sundowner Offshore Serv., Inc.*, 523 U.S. 75, 79 (1998). Second, Plaintiff cannot demonstrate that the alleged harassment was "severe or pervasive." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-23 (1993). Third, there is no basis for imputing liability to Defendant. *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998).

5. **Absent special instructions from the assigned judge, the Parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02: Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures and completion of discovery:**

As set forth in the Consent Scheduling Order, the Parties agree that: (1) Plaintiff will make his Fed. R. Civ. P. 26(a)(2) disclosures, if any, by January 19, 2010; (2) Defendant will make its Fed. R. Civ. P. 26(a)(2) disclosures, if any, by February 21, 2010; and (3) discovery shall be completed no later than April 8, 2011.

6. **The Parties shall inform the Court whether there are any special circumstances, which would affect the time frames applied in preparing the scheduling order.** *See generally* **Local Rule 16.02(C) (Content of Scheduling Order).**

Neither party is aware of any such special circumstances at this time.

7. **The Parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

The Parties do not consent to trial before a United States Magistrate Judge.

PPAB 1717727v2