IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

RECEIVED
USDC, CLERK, CHARLESTON, SC
2010 SEP 21  P 2: 38

| | |
|---|---|
| MICHAEL OGLESBY, ) | Case No. 2:09-2743-DCN-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CONSENT SCHEDULING ORDER |
| NUCOR CORPORATION, ) | |
| ) | |
| Defendant. ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon entry of this order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) was held on **September 3, 2010.**

2. No later than **September 17, 2010** the parties shall file a Rule 26(f) report in the form attached to this order.

3. Motions to join other parties and amend the pleadings (Fed. R. Civ, P. 16(b)(1)) shall be filed no later than **October 15, 2010.**

4. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **January 19, 2011.**

5. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **February 21, 2011.**

6. The parties shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **March 18, 2011.** Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3) DSC).

7. Discovery shall be completed no later than **April 8, 2011.** All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse[1] depositions must be completed by discovery deadline. The parties are urged to attempt to resolve discovery disputes prior to presentation to the Court.

8. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **May 13, 2011** (Fed. R. Civ. P. 16(b)(2)).

9. Mediation, pursuant to Local Civil Rules 16.04 - 16.12 DSC, shall be completed in this case on or before **July 15, 2011.** See attached Standing Order of the Honorable David C. Norton, United States District Judge, which sets forth mediation requirements. At least thirty (30) days prior to this mediation deadline, the parties shall file and serve a statement certifying that the parties have: (1) been provided with a copy of Judge Norton's Standing Order; (2) discussed the availability of mediation; and (3) discussed the advisability and timing of mediation. If the parties enter mediation, they are directed to complete the attached form and return it to the Court by no later than **April 25, 2011.**

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

September 20, 2010

---

[1] This term refers to a deposition of a witness who may be unable to attend any trial in person at that time, or cannot be produced. This deposition may then be used at the trial under certain circumstances.

# STANDING ORDER TO CONDUCT MEDIATION
# JUDGE DAVID C. NORTON

Mediation is to be completed in this matter as defined herein. If a ***Conference and Scheduling Order*** has been issued in this case, mediation must be conducted in accordance with the dates outlined therein. If your case does not have a specific deadline outlined in a scheduling order, mediation order or any other form of court directive, mediation must be completed no later than one week prior to jury selection. Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[2] are **ORDERED** to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

Communications made in connection with or during the mediation are confidential and protected by Federal Rules of Evidence 408, Local Rule 16.08(C) DSC, and Federal Rule of Civil Procedure 68. If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Rules 16.08(C) and 16.10(H) DSC, except as allowed by Local Rule 26.05(F) DSC.

If any reason exists why any person, party or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately. Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Director, Danny Mullis, at (843) 579-1435.

**IT IS SO ORDERED.**

                                                David C. Norton
                                                United States District Judge

September ___, 2010
Charleston, South Carolina

---

[2] "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.